UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

DENIA HEDGE, MELISSA McCLARY, and
DUSTIN TURLEY, individually, and on
behalf of others similarly situated,

        Plaintiffs,

v.

TOYOTA MOTOR MANUFACTURING,
INDIANA, INC. and AEROTEK, INC.,

        Defendants.

Case No. 18-cv-00246-RLY-MPB

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND FLSA COLLECTIVE ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT**

On June 19, 2020, a hearing was held on the joint motion of plaintiffs Denia Hedge, Melissa McClary, and Dustin Turley (collectively, "Plaintiffs") and defendant Toyota Motor Manufacturing, Indiana, Inc. ("TMMI" or "Defendant") for final approval of their class settlement (the "Settlement") and payment to the Settlement Administrator. Robert J. Hunt of the Law Office of Robert J. Hunt appeared for Plaintiffs and Zachary P. Hutton of Paul Hastings LLP appeared for TMMI.

The parties have submitted their Settlement, which this Court preliminarily approved by its February 21, 2020, order (ECF No. 54) ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing on June 19, 2020, the Court grants

final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Classes of persons meeting the following definitions are hereby certified for the purpose of entering a settlement in this matter:

   (a) The "Production Team Member Class": All Production Team Members employed by TMMI in any group other than Paint Shops at any time from December 19, 2015 to February 21, 2020.

   (b) The "Production Team Leader Class": All Production Team Leaders employed by TMMI in any group other than Paint Shops at any time from December 19, 2015 to February 21, 2020.

   (c) The "Variable Worker Class": All employees of Aerotek, Inc. assigned to TMMI in any production group other than Paint Shops at any time from December 19, 2015 to February 21, 2020.

2. The Court appoints plaintiffs Denia Hedge, Melissa McClary, and Dustin Turley as the Class Representatives and appoints Robert J. Hunt and Robert F. Hunt of the Law Office of Robert J. Hunt as Class Counsel.

3. Pursuant to the Preliminary Approval Order, a Notice of Proposed Class Action Settlement and Final Approval Hearing, Class Member Settlement Information Sheet, and Election Not to Participate in Settlement (collectively, the "Class Notice" or "Class Notice Packet") were sent to each Class Member by first-class U.S. Mail. The Class Notice informed Class Members of the terms of the Settlement, their rights under the Settlement, their right to object to the Settlement, their right to receive a Settlement Share, their right to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding final approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision

regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfies the requirements of law and due process.

5. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified for the Settlement purposes.

6. Pursuant to the Class Action Fairness Act, 28 U.S.C. section 1711 *et seq.* ("CAFA"), not later than ten (10) days after the parties' joint motion seeking preliminary approval of the Settlement was filed in court, TMMI served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of all complaints and amended complaints filed in this action; notice of any scheduled judicial hearings in this action; copies of the Settlement and proposed Class Notice Packet; and a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of the claims of the Class Members in each state compared to the entire Settlement. This Final Approval Order is not issued earlier than ninety (90) days after the later of the dates on which the appropriate federal and state officials were served with the notice of the Settlement. Accordingly, the Court finds that TMMI has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials, and that 28 U.S.C. section 1715(e) has no applicability to the Settlement.

7. No Class Member has objected to the Settlement.

8. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to each Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9. The Court finds and determines that the Settlement Shares to be paid to the Participating Class Members (Class Members who did not timely submit a valid Election Not to Participate in Settlement), as provided for by the Settlement, are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts to be made to the Participating Class Members out of the Net Settlement Amount in accordance with the Settlement.

10. The Court finds and determines that any and all Class Members who cash their Settlement Share checks will be deemed to have consented to join the collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and to have released any and all claims under the FLSA within the scope of the release set forth in section III.G.2 of the Settlement.

11. The Court finds and determines that the fees and expenses incurred by Rust Consulting, Inc. in administering the Settlement, in the amount of $45,000.00, are fair and reasonable. The Court hereby issues final approval to and orders that the payment of approximately that amount be paid out of the Total Settlement Amount in accordance with the Settlement.

12. In addition to any recovery that Plaintiffs may receive from the Net Settlement Amount, and in recognition of the Plaintiffs' efforts in prosecuting this matter on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to each individual named Plaintiff in the amount of $15,000. This shall be paid from the Total Settlement Amount.

13. Pursuant to the authorities and argument presented to the Court, the Court approves the payment of attorneys' fees to Class Counsel in the sum of $516,666, plus costs and expenses in the amount of $10,136.27. This shall be paid from the Total Settlement Amount.

14. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

15. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

16. By operation of the entry of this Final Approval Order and pursuant to the Settlement, Plaintiffs and all Participating Class Members permanently release any and all known and unknown claims, rights, demands, liabilities and causes of action that arise out of or relate to the allegations in this Action against TMMI (and Aerotek, Inc., to the extent the Class Member was placed on assignment at TMMI while employed by Aerotek, Inc.) and any present and former parents, subsidiaries and affiliated companies or entities, including but not limited to Toyota Motor North America, Inc., and their respective officers, directors, employees, partners, shareholders and agents, and any other successors, assigns and legal representatives and its related persons and entities as specified by the Settlement.

17. The parties are hereby ordered to comply with the terms of the Settlement.

18. The parties shall bear his, her, its or their own respective attorneys' fees and costs except as otherwise provided in the Settlement.

The Court enters final judgment in the Action in accordance with the Settlement and this Order, subject to the Court's retention of continuing jurisdiction over the Action and the Settlement including, without affecting the finality of this order in any way, jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement and all post-Judgment matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED.**

This 19th day of June 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution List:
To all registered counsel electronically via CM/ECF distribution.